IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-cv-494-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

**DUGAN, District Judge:**

On February 14, 2023, Petitioner Deandre Young filed a Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). This matter is now before the Court for preliminary review of the Motion. Rule 4 of the Federal Rules Governing § 2255 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In April 2021, Petitioner was indicted with two counts for: possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 ("Count 1"), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 3") (*United States v. Young*, No. 21-CR-30043-DWD-2, at Doc. 42). He entered a plea of guilty to both counts on October 7, 2021 (*Id.* at Doc. 83). The Court ultimately imposed a 36-month term of imprisonment as

to Count 1 and a 60-month term of imprisonment as to Count 3, to run consecutively for a total term of imprisonment of 96-months (*Id.* at Doc. 116).

Now, Petitioner presents four reasons why he believes his "sentence was imposed in violation of the Constitution or laws of the United States." *See* 28 U.S.C. § 2255. These reasons all related to the performance of his court-appointed attorney, William S. Margulis. First, Petitioner says his court-appointed attorney was ineffective for failing to investigate mitigating evidence concerning Petitioner's motive for carrying a firearm (Motion at p. 4). Specifically, Petitioner maintains that he was carrying a firearm for protection related to his employment, and not because of a drug crime. Related here, Petitioner argues that his counsel failed to challenge the "nexus" element of 924(c), which requires the firearm to be used in furtherance of a drug crime (Motion at p. 7).

Next, Petitioner argues that his counsel was ineffective for failing to correct the representation in Petitioner's pre-sentence investigation report indicating that Petitioner was a "partner" to his co-defendant's drug distribution (Motion at p. 5). Third, he argues that his plea was not made with "full knowledge of the gun charge and its ramifications" on his ability to earn FSA good time credit (Motion at p. 7). Petitioner argues that he did not learn he would be ineligible to earn FSA good time credit because of his gun charge conviction until he arrived at prison. Finally, Petitioner argues that he was prejudiced by his counsel's directive instructing Petitioner that he would not get a jury of his peers if he went to trial, and thus Petitioner maintains that he believed his only option was to plea guilty (Motion at p. 8). In sum, Petitioner asserts that these errors violated his right to

effective assistance of counsel, such that Petitioner's guilty plea was not knowing and voluntarily.

Upon review of the Motion, it does not plainly appear that Petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2255 Cases. The Court therefore **ORDERS** the Government to file an answer, motion, or other response to the Motion by **March 15, 2023**. "The answer must address the allegations in the motion. In addition, it must state whether [Petitioner] has used any other federal remedies, including any prior post-conviction motions . . . and whether [he] received an evidentiary hearing." Rule 5 of the Rules Governing Section 2255 Cases. Petitioner will then have 30 days to submit a reply to the Government's answer or other pleading.

**SO ORDERED.**

Dated:  February 15, 2023

/s/ David W. Dugan
DAVID W. DUGAN
United States District Judge